# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEVEN A. WALCOTT JR.<br>CHRISTOPHER MARTIN | CIVIL ACTION |
| VERSUS | NO. 18-4082 |
| SHERIFF JERRY LARPENTER, ET AL. | SECTION "R"(2) |

## ORDER AND REASONS

Plaintiff, Steven A. Walcott Jr., an inmate currently incarcerated in the Terrebonne Parish Criminal Justice Complex, has submitted an application to proceed in forma pauperis in connection with the above-captioned 42 U.S.C. § 1983 complaint. Walcott and co-plaintiff, Christopher Martin, seek monetary and injunctive relief against defendants for violations of Walcott's constitutional rights arising from alleged sexual harassment by an unidentified inmate in a transport van, his placement in solitary confinement after punching Martin in the face, his medical treatment with illegal narcotic drugs, the contamination of his food and unsanitary living conditions. Record Doc. No. 5, Complaint. Walcott's pauper application is a non-dispositive pretrial matter which was referred to a United States Magistrate Judge pursuant to Local Rule 72.1(B)(1) and 28 U.S.C. § 636(b).

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321, signed into law on April 26, 1996, now codified at 28 U.S.C. § 1915(g), provides that a prisoner shall not be allowed to bring a civil action pursuant to 28 U.S.C. § 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on grounds that it was

frivolous, malicious, or failed to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

Walcott has been a frequent filer of civil actions while incarcerated. At least three (3) of his prior civil actions were dismissed as frivolous and/or for failure to state a claim: <u>Walcott v. Terrebonne Parish Consolidated Gov't</u>, Civ. Action No. 17-1125"S"(3) (E.D. La. Dec. 12, 2017) (dismissed as frivolous and for failure to state a claim); <u>Walcott v. Terrebonne Parish Medical</u>, Civ. Action No. 16-15587"R"(5) (E.D. La. Aug. 22, 2017) (dismissed as frivolous pursuant to 28 U.S.C. § 1915); <u>Walcott v. Terrebonne Parish Jail Medical Dept.</u>, Civ. Action No. 16-15594 "B"(4) (E.D. La. Jul. 14, 2017) (dismissed as frivolous). He has therefore accumulated three "strikes" under the PLRA.

Under these circumstances, Walcott may <u>not</u> proceed as a pauper in this action unless he fits within the "imminent danger" exception of Section 1915(g). Although he states that he is in imminent physical and emotional danger, he does not allege an impending danger, and his complaint does not demonstrate anything establishing that he is in imminent danger of serious physical injury. His claims instead are based on past alleged incidents, and his conclusory allegations of imminent danger are insufficient to avoid the three-strike bar. <u>Smith v. Blount</u>, 258 F. App'x 630, 2007 WL 4370937, at *1 (5th Cir. Dec. 11, 2007). Consequently, Walcott is <u>not</u> entitled to proceed in forma pauperis pursuant to the provisions of the PLRA. For the foregoing reasons,

**IT IS ORDERED** that Walcott's motion to proceed in forma pauperis (Record Doc. No. 6) is **DENIED** pursuant to 28 U.S.C. § 1915(g).

New Orleans, Louisiana, this 24th day of May, 2018.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE